United States Court of Appeals
Fifth Circuit

F I L E D

August 16, 2005

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

---

m 05-60227
Summary Calendar

---

MICHELLE GORDON,

Plaintiff-Appellant,

VERSUS

BEAU RIVAGE RESORTS, INC.;
MARY CLOUD,
INDIVIDUALLY;
SONNY JOHNSON,
INDIVIDUALLY;
LEWIS DYE,
INDIVIDUALLY;
LARRY MEGACHINE,
INDIVIDUALLY;
EILEEN CAROL,
INDIVIDUALLY;
NATALIE GORDON,
INDIVIDUALLY;
MIKE LEONARD,
INDIVIDUALLY;
CONNIE MCKAY,
INDIVIDUALLY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
m 1:03-CV-664

_____

Before SMITH, GARZA, and PRADO,
   Circuit Judges.

PER CURIAM:[*]

Appearing *pro se*, Michelle Gordon appeals
a summary judgment in favor of her former
employer, Beau Rivage Resorts, Inc., and
several of its employees sued in their individual
capacities. Gordon claims race discrimination
and retaliation in violation of title VII and
tortious interference with contractual relations.

We affirm, essentially for the reasons given
by the district court in its comprehensive and
careful memorandum opinion entered on
January 7, 2005. The court found that Gordon
had not established a *prima facie* case but that,
even if she had, the company articulated legiti-
mate, non-discriminatory reasons for terminat-
ing her.

Specifically, Gordon violated work rules:
A complaint about the sort of language she
had used on the job was investigated and
found to be accurate. Gordon was unable to
show that any similarly-situated employees had
received better treatment. And on the state

claim of tortious interference, the district court
correctly found that under Mississippi law, the
employee defendants acted within the scope of
their privilege.

AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has de-
termined that this opinion should not be published
and is not precedent except under the limited cir-
cumstances set forth in 5TH CIR. R. 47.5.4.